UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN W. LAMBERT,

      Plaintiff,

v.

MHP MERKEL, *et al.*,

      Defendants.

CASE NO. C17-1849-RSM-MAT

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

Plaintiff John Lambert is currently confined at the Snohomish County Jail in Everett, Washington. He has submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. The Court, having reviewed plaintiff's complaint, hereby finds and ORDERS as follows:

(1) Plaintiff alleges in his civil rights complaint that he has serious mental health issues and that despite submitting numerous kites to the mental health and medical departments asking for his medication, "it took a ridiculous amount of effort" to get help. (Dkt. 4-1 at 3.) He further asserts that when a mental health professional ("MHP") did come to see him, she was "very rude, unprofessional and antagonizing." (Dkt. 4-1 at 3.) Plaintiff identifies Snohomish County Corrections and MHP Merkel as defendants in his complaint. (*Id*. at 1-2.)

(2) Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989). A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

(3) The Court declines to order that plaintiff's complaint be served because his complaint is deficient in the following respects:

(a) Plaintiff identifies Snohomish County Corrections as a defendant in this action. However, Snohomish County Corrections is an entity of Snohomish County and, as such, is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). Plaintiff may pursue a claim against Snohomish County itself, but in order to do so he must specifically identify the County as a defendant in this action, he must identify the County "policy" or "custom" that caused him harm, and he must identify the federal constitutional right that he believes has been violated by the identified "policy" or "custom."

(b) Plaintiff does not specifically allege in his complaint any violation of a federal constitutional right. However, it appears that he may be attempting to assert a claim that he has been denied adequate medical or mental health care at the Snohomish County Jail. When a claim of inadequate medical or mental health care is brought by a pretrial detainee, the claim arises under the Due Process Clause of the Fourteenth Amendment. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). However, such claims are properly evaluated under Eighth Amendment standards. *See id*.

In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

Plaintiff indicates in his complaint that he experienced a delay in receiving medication to address his mental health issues, but he fails to make clear who he believes was responsible for the delay or what harm he suffered as a result of any alleged delay. If plaintiff wishes to proceed on a claim that he was denied adequate mental health care, he must specifically identify the individuals involved in the denial of such care, and he must allege specific facts demonstrating that each named individual was deliberately indifferent to a serious mental health or medical need.

With respect to MHP Merkel, the Court notes that plaintiff asserts only that this defendant was rude and unprofessional. These assertions are not sufficient to demonstrate that this individual violated plaintiff's federal constitutional rights. Again, if plaintiff wishes to proceed against MHP Merkel, he must allege facts showing that she was deliberately indifferent to a serious mental health or medical need. Rude behavior and a lack of professionalism simply does not meet that standard.

(4) Plaintiff may file an amended complaint curing the above noted deficiencies within

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4

*thirty (30) days* of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, the Court will recommend that this action be dismissed.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

(5) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 9th day of February, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 5